P. M. COMPTON, plaintiff in error, vs. MATHEW WILLIAMS, defendant in error.

[1.] When one of the sureties on a *ca. sa.* bond, surrenders the principal, the act is a discharge of all the sureties.

[2.] Lassiter and Cross were sureties for Williams, on a *ca. sa.* bond. Lassiter surrendered Williams, and, thereupon, Brown wrote on the back of the bond, "I hereby agree to be bound on said bond in his," Lassiter's " stead."

*Held,* That this writing meant, that he, Brown, was to be liable only along with Cross as Lassiter had been; not, that he was to be liable, whether Cross was or not.

[3.] The principal in a *ca. sa.* bond, is not discharged from it, by the discharge of the sureties, nor, by the act of the Sheriff, in letting him go at large. Therefore, if he appears according to the condition of the bond, he is to be dealt with, as though nothing unusual had happened.

Motion to enter up judgment on *ca. sa.* bond. Made before Judge KIDDOO, in Terrell Superior Court, at September adjourned Term, 1858.

A writ of *capias ad satisfaciendum* issued from the Superior Court of Terrell county, at the instance of the plaintiff in error, against the defendant in error, returnable to the September Term, 1858, of said Court. The defendant, Williams, having been arrested by the Sheriff of said county, gave bond, with S. F. Lassiter and Wm. G. Cross as his securities, for his appearance at the Superior Court of the county of Terrell, on the third Monday in September, 1858, then and there to stand to and abide such proceedings as might be had by the Court, in relation to the taking of the benefit of the Act for the relief of insolvent debtors, by the defendant, Williams, and to personally answer and perform such further order of said Court, as might be made in the premises.

During the September Term of said Court, the security, Lassiter, delivered up, in open Court, the body of the defendant, Williams, and the following agreement was endorsed on the bond :

"S. F. Lassiter having come into Court and delivered up the defendant, M. Williams, I hereby agree to be bound on

said bond in his stead, for the purposes therein mentioned. Witness my hand and seal this 25th day of September, 1858.

ABSALOM BROWN, [L. S.]

Tested by W. C. THORNTON, *Sheriff*."

An *exonoretur* as to Lassiter, from liability on said bond, was entered on the minutes of the Court, at the regular September Term aforesaid. At the adjourned Term of said Court, in the month of November, 1858, and on the last day of said Term, the case was called. The defendant, Williams, was in Court, but was not offering to take the insolvent oath, and had failed to give notice, or to comply with the requirements of the statute for the relief of honest debtors. Plaintiff here proposed to enter up judgment on the bond, against the securities, William G. Cross and Absalom Brown, which motion the Court refused to allow, on the ground that the *exonoreter*, as to Lassiter, operated as a discharge from liability on said bond, as to his co-security, Cross, also. To this decision plaintiff excepted.

Plaintiff then moved to enter up judgment on the bond, as to the new security, Brown. The Court refused the motion, and plaintiff excepted.

Plaintiff then moved the Court to order the defendant, Williams, into the custody of the Sheriff, and to jail, in discharge or satisfaction of said *ca. sa.* Which motion the Court refused, and plaintiff excepted.

LYON & IRVIN ; DOUGLASS & DOUGLASS, for plaintiff in error

McCAY & HAWKINS; HOOD & ROBINSON, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

[1.] If Cross was discharged, the Court was clearly right, in refusing the first motion. He was discharged. The surrender of Williams, the principal, by Lassiter, Cross's co-surety, took Williams out of the custody of Cross. That was suf-

ficient to discharge Cross from the bond. The case was the same in principle, as if Williams had been arrested for a crime, which would have discharged the bail, and, for the reason, that such arrest would take their principal out of their custody.

[2.] If Brown was not bound, the Court was also clearly right, in refusing the second motion. And Brown was not bound. By the terms of his contract, he was merely to be bound, in Lassiter's stead; that is, was to be bound, in the same manner as that in which Lassiter had been bound. And Lassiter had been bound, only along with Cross. Then, Brown, by the terms of his contract, could only be bound along with Cross. But Cross not being bound, he, Brown, could not be bound.

On these two motions, then, we think that the Court was right.

If Williams, the principal, was still liable on the bond, the Court was wrong in overruling the third motion; for he was in Court, and that was a compliance with the condition of the bond, and the motion was the one called for by the state of the case—called for by the absence of preparation, on the part of Williams, to entitle himself to take the oath. The condition of a *ca. sa.* bond, is, not, that the defendant shall appear and *take the oath*; but, that he shall appear and " abide by such proceedings as may be had by the Court, in relation to his, her or their taking the benefit" of the Act. Consequently, if he appears, and abides by the proceeding that may be had in his case, whatever that may be, whether an order of discharge, or an order of imprisonment, he has complied with the condition of his bond. Williams, then, being in Court, he had performed the condition of his bond, and the motion being the regular one, the state of the case considered, it should have been granted, unless something had happened by which, Williams had been discharged from the bond. This seems manifest.

Now had any thing happened to discharge Williams from

the bond, or to render it null, as to him? Nothing, as far as we can see. Things had happened by which, his sureties were discharged; but these things did not extend to him, and his liability. The discharge of the principal, is the discharge of the surety; but the discharge of the surety, is not the discharge of the principal. Suppose Williams had given the notices, &c., to his creditors—had done all that the law required him to do, would he not have been entitled to the benefit of the Act, notwithstanding the fact, that his sureties were discharged? Can there be a doubt of it?

True, the Sheriff discharged him out of his *custody*, when Brown stipulated to take Lassiter's place. But what of that? Could the Sheriff discharge him from his *bond*? The Sheriff had no power to do such a thing. Besides, *that* was not the intention of the Act, but was just the reverse; the intention was, that Williams should comply with the condition of the bond—was, that the bond should still be binding on him. The act may have been one by which, the Sheriff himself became subject to a liability, but we do not see how it could be one, to discharge Williams from his liability.

[3.] We think, then, that, as nothing had happened to discharge Williams from the bond, and as he was in Court, the Court should have granted this third motion—the motion to order Williams into custody.

Judgment reversed.

McDonald J. absent.